Judgment affirmed.

*G. G. Wright*, for appellant.

*A. Hall*, for appellee.

● ● ●

### SHUCK *et al. v.* VANDEVENTER.

In an action on an attachment bond, the remarks of the defendant at the time he procured the writ, not admissible to show his motives.

#### *Appeal from Davis District Court.*

*Opinion by* HALL, J. Vandreventer brought suit against Shuck and Jones, before a justice of the peace, on an attachment bond upon which there was a trial, and judgment for plaintiff. The defendant's appealed to the district court. On the trial in the district court, the plaintiff gave in evidence, declarations of the defendant Shuck made some time before the levy of the attachment, tending to show that the suing out of the attachment was wilful and wrong. To rebut which the defendants offered to prove by the magistrate what Shuck said at the time he applied for the attachment. The plaintiff objected to this evidence. The court below decided that it was not admissible, and the defendants excepted. This ruling of the court is affirmed for error.

On the part of the appellants, it is insisted that what Shuck said when he sued out the attachment was a part of the *res gesta* and as such admissible to prove his motive and rebut the charge that the suing out of the attachment, was wilful.

Shuck *v.* Vanderventer.

To make the attaching creditor liable upon the bond, it is necessary for the obligee to prove that the attachment was sued out without cause, and was therefore wrongful. If he proves that the defendant knew that there was no cause, then it was wilful and entitles the obligee to exemplary damages. The only questions are, was there cause ; if not, did the obligors know that there was not cause. How then can the declarations of the obligors at the very moment he is doing the act, be called a part of the *res gesta?* How can he by his words give character to his acts, the propriety or impropriety of which depends upon facts that have transpired, and exist independent of anything that he can say or do. A man who is about to commit a wrong cannot by words spoken when he is about to do the act, qualify or avoid the consequence.

The *res gesta* of this case, was the absence of cause, for suing out the attachment and the knowledge of the defendant, substantially a negative proposition. The defendant could say nothing that could give it character or qualify in his favor the true force of facts and make evidence in his favor.

If this was permitted, a man about to sue out an attachment could avoid liability by fixing his defense at the time he procured the attachment.

The Code, § 2399 ; lays down the rule, " that when a part of an act, declaration, conversation or writing is given in evidence by one party, the whole or the same subject may be enquired into by the other." This rule is as liberal as the rules of evidence have ever given.

We are of the opinion that there was no error in the ruling of the court below. The judgment will therefore be affirmed.

Judgment affirmed.

*D. P. Palmer*, for appellants.

*J. C. Knapp*, for appellee.
18*